(110 So. 164)

### BAILEY v. STATE.  (6 Div. 986.)

(Court of Appeals of Alabama.  Aug. 31, 1926. Rehearing Denied Oct. 26, 1926.)

**Intoxicating liquors** ⚖⇒238(2).

Where evidence as to defendant's presence at still in prosecution for distilling was conflicting, it made a question for jury.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bob Bailey was convicted of distilling, and he appeals.  Affirmed.

Certiorari denied by Supreme Court in Bailey v. State, 110 So. 165.

Gray & Powell, of Jasper, for appellant.

Counsel argue for error in rulings on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence was in sharp dispute, and presented a question for the jury. Tatum v. State, 20 Ala. App. 436, 102 So. 726.

BRICKEN, P. J.  Appellant was convicted under count 1 of the indictment. This count charged that he did distill, make or manufacture, alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law.  The court fixed his punishment for an indeterminate term of not less than one year and six months, and not more than four years. From the judgment of conviction he appealed to this court.

There are 36 assignments of error, but the controlling question is whether or not this appellant was present at the still and assisted in its operation as testified to by the several state witnesses, or was he elsewhere at the time in question, as testified to by himself and his several witnesses.  In other words the evidence presents a clear-cut issue of fact for the determination of the jury. The corpus delicti was clearly proven, and the state's evidence, given by several witnesses, tended to show that this appellant was present, and, with others, was actively engaged in the operation of the still.  The defense, as stated, was an alibi, and the evidence adduced in behalf of appellant tended to sustain his insistence.  Under this status, there appears no necessity to discuss in detail the numerous exceptions reserved to the rulings of the court upon this trial. As the law requires, we have examined each of the questions presented.  We are convinced that the defendant was accorded a fair and impartial trial, and that no ruling of the court injuriously affected his substantial rights.  Every phase of the law bearing upon the issues involved was given to the jury by the court.  The record proper is also without error.

Let the judgment of conviction appealed from stand affirmed.

Affirmed.